O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:19-cr-00176-CAS |
| | ) | **ORDER REGARDING MOTION FOR** |
| Plaintiff, | ) | **MODIFICATION OF SENTENCE** |
| v. | ) | **PURSUANT TO THE FIRST STEP** |
| | ) | **ACT OF 18 U.S.C. § 3582(c)(1)(A)** |
| GABRIEL HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**I.   INTRODUCTION & BACKGROUND**

Defendant Gabriel Hernandez ("Hernandez") is currently serving an 18-month sentence in the custody of the Bureau of Prisons ("BOP") at Residential Reentry Management Long Beach ("RRM Long Beach").

Hernandez is a former licensed physician's assistant. Dkt. 55 (sealed). On March 25, 2019, the government charged Hernandez via information, with one count of knowingly and intentionally distributing oxycodone without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). Dkt. 16. Hernandez pleaded guilty to the charges set forth in the information on April 29, 2019. Dkt. 29. On June 3, 2020, Hernandez was sentenced to be

imprisoned for a term of 18 months, followed by a three-year term of supervised release, and ordered to surrender to BOP custody on October 5, 2020. Dkt. 64. The Court recommended that BOP "designate defendant to a facility with the lowest COVID-19 outbreak rate within Southern California." Id. at 2.

On September 30, 2020, the Court granted Hernandez's motion to continue his surrender date to January 5, 2021. Dkt. 67. On December 24, 2020, after filing the present motion, Hernandez sought to continue his surrender date, to March 5, 2021, which request the Court granted. Dkt. 70; dkt. 72. Hernandez subsequently self-surrendered to the BOP on March 5, 2021, and is now in custody.[1] See dkt. 83 ("Verification of Surrender").

Hernandez, proceeding *pro se*, filed the instant motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c) ("Section 3582(c)") on October 27, 2020. Dkt. 68 ("Mot."). Hernandez bases his motion for compassionate release on his underlying health conditions, including hypertension and heart failure, and the risk of contracting COVID-19. See id. The government filed its opposition on January 11, 2021. Dkt. 77 ("Opp."). Hernandez filed a reply on March 1, 2021. Dkt. 82.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations omitted).

---

[1] Upon surrender, Hernandez was designated to Federal Correctional Institute, Terminal Island ("FCI Terminal Island"). Mot. at 3. As of June 21, 2021, approximately 57% of the inmate population at FCI Terminal Island has been vaccinated. See BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 21, 2021); BOP, FCI Terminal Island, https://www.bop.gov/locations/institutions/trm/ (last visited July 21, 2021). Hernandez was later transferred to RRM Long Beach. See BOP, Inmate Locator Service, BOP Registration no. 77662-112, https://www.bop.gov/inmateloc/ (last visited July 21, 2021).

"Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' . . . . Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); see 18 U.S.C. § 3553(a) ("Section 3553(a)"). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

## III. DISCUSSION

### A. Compassionate Release

As a threshold matter, the Court must determine whether Hernandez qualifies for a reduction in sentence pursuant to Section 3582(c) at this time. The government argues that Hernandez' motion is not ripe, and that Hernandez is therefore ineligible for compassionate release pursuant to Section 3582, because Hernandez was not in BOP custody at the time he filed his motion for compassionate release on October 27, 2020. Opp. at 13.

By its own terms, Section 3582(c) "applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." United States v. Konny, 463 F.Supp.3d 402, 404 (S.D.N.Y. 2020); see also United States v. Spruill, No. 3:18-CR-0022-10(VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (denying as premature compassionate release motion brought by defendant who "moved for modification of his sentence before he reported to the Bureau of Prisons" and self-surrendered two days after filing); United States v. Picardo, No. CR 19-401 (SRC), 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020) (finding defendant ineligible for compassionate release because "the entire scheme of [Section 3582(c)] contemplates that the defendant seeking relief has already begun serving his or her sentence").

Here, the Court agrees with the government that Hernandez's application for relief pursuant to Section 3582(c) was premature at the time of filing, and concludes that Hernandez's subsequent surrender to BOP custody does not resolve the deficiency. In so concluding, the Court finds Spruill instructive. In that case, the defendant moved to modify his sentence "two days before [his] self-surrender date," seeking an order "permit[ting] him to begin his sentence with a period of home confinement." Spruill, 2020 WL 2113621, at *2. On those facts, which are analogous to the situation presented here, the court found that defendant's "motion seeks re-sentencing because he moved for modification of his sentence before he reported to the Bureau of Prisons" and, as such, that any request for compassionate release was "premature." Id. at *3. This approach comports with the Ninth

Circuit's recent decision in United States v. Keller, --- F.4th ----, 2021 WL 2695129 at *4 (9th Cir. 2021), explaining that the statute "plainly states" that a defendant's motion to modify a term of imprisonment may be brought only "*after* the defendant has fully exhausted his administrative remedies," which occurs once the defendant is in BOP custody. (emphasis in original).

As such, the Court finds that Hernandez's motion for compassionate release must be denied as premature. Moreover, the Court cautions that Hernandez must exhaust his administrative remedies with the BOP before bringing any renewed motion for compassionate release pursuant to Section 3582(c). Id.

Accordingly, the motion for compassionate release is **DENIED**, without prejudice to Hernandez renewing the motion after fully exhausting his administrative remedies.

### B.  Request for Home Confinement

In addition to requesting compassionate release, Hernandez asks that the Court allow him to "serve his sentence on home detention." Mot. at 1. The government opposes. See generally Opp.

First, to the extent Hernandez asks the Court to modify his sentence to home confinement, *without* reducing the duration of his sentence, the Court lacks jurisdiction to grant such a request pursuant to Section 3582(c). "A court generally may not correct or modify a prison sentence once it has been imposed." United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). In "*limited* circumstances," however, a Court may modify "an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (emphasis in original) (district court lacked jurisdiction to correct sentence pursuant to Rule 35(c) because more than seven days had elapsed since imposition). One such limited circumstance is contemplated by Section 3582(c)(1)(A), which provides that a court may "reduce the term of imprisonment" originally imposed in certain limited circumstances, including when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.A. §

3582(c)(1)(1)(i) (West) (emphasis added). Here, permitting Hernandez to "serve his sentence on home detention," without a reduction, does not fall within the statutory exception established by Section 3582(c). Therefore, the Court lacks the authority to consider the request.

Second, to the extent that Hernandez seeks an order directing the BOP to assign him to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act"), Pub. L. No. 116-136, 134 Stat 281 (2020), the Court lacks authority to direct the BOP to designate Hernandez for home confinement. See United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") (citation omitted), reconsideration overruled, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020).

Accordingly, Hernandez's request to be placed on home detention is **DENIED**.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Hernandez's motion for modification of sentence, without prejudice to Hernandez renewing the motion after fully exhausting his administrative remedies.

**IT IS SO ORDERED.**

DATED: July 23, 2021

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE